CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEPT 6, 2024

LAURA A. AUSTIN, CLERK
BY:
s/B. McAbee
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| Anita D., | ) | |
| Plaintiff, | ) | Civil Action No. 4:24-cv-00016 |
| | ) | |
| v. | ) | REPORT & RECOMMENDATION |
| | ) | |
| Social Security Administration, | ) | By: Joel C. Hoppe |
| Defendant. | ) | United States Magistrate Judge |

Plaintiff Anita D. asks the Court to review the Commissioner of Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. *See* ECF No. 1. The case is before me by referral under 28 U.S.C. § 636(b)(1)(B). I recommend that the presiding District Judge dismiss Anita's complaint without prejudice because she has failed to prosecute her case in accordance with the Court's orders and procedural rules.

## I. Procedural History

Anita filed her claim for disability in July 2020, alleging that she was disabled because of diabetes, fibromyalgia, nephropathy, carpal tunnel syndrome, gout, and high cholesterol. *See* Administrative Record ("R.") 14, 329, ECF No. 7-1. Anita was fifty-one years old, or a "person closely approaching advanced age" under the regulations, when she allegedly became disabled in October 2018. R. 325; 20 C.F.R. § 404.1563(d). In January 2023, Anita appeared with counsel and testified at a hearing before Administrative Law Judge ("ALJ") Brian Rippel. R. 46–77. On March 15, ALJ Rippel issued a written decision holding that Anita was not disabled from October 1, 2018, to the date of his decision. R. 38. The Appeals Council denied Anita's request to review that decision in February 2024. R. 1–3.

1

On April 18, 2024, Anita filed a pro se Complaint and Motion for Leave to Proceed under

28 U.S.C. § 1915, ECF Nos. 1, 2, which request the Court granted, ECF No. 3. The Social

Security Administration filed a copy of the administrative record, ECF No. 7, on June 17, 2024.

The attached certificate of service states that the Administration "will cause a paper copy thereof

to be mailed or delivered . . . to the Pro Se Plaintiff." *Id.* at 2; *see* Fed. R. Civ. P. 5(b)(2). That

same day, the Court issued and mailed to Anita's address of record an order directing her to "file,

within 30 days of service of a copy of the administrative record, a brief addressing why the

Commissioner's decision is not supported by substantial evidence or why the decision otherwise

should be reversed or the case remanded." ECF No. 9; *see* W.D. Va. Gen. R. 4(c). Anita's brief

was due by July 22, 2024. Order to Respond 1, ECF No. 10. That deadline passed without any

filing from Anita.

On August 12, I issued an Order giving Anita until August 26, 2024, to either file a brief

that complied with the original Briefing Notice and Local Rule 4(c), or to explain in writing why

her case should not be dismissed for failure to prosecute. Order to Respond 1. I also warned

Anita that her failure to file an appropriate document by this extended deadline may result in this

action being dismissed without further notice. *Id.* The Clerk's Office mailed a copy of the Order

to Anita's address of record, and there is no indication that she did not receive it. Staff Note of

August 12, 2024, ECF No. 10; *see* Fed. R. Civ. P. 5(b)(2)(C). Anita has not filed any document

since she initiated this lawsuit in April 2024. *See* Staff Note of August 27, 2024.

## II. Discussion

This Court has inherent authority to permanently clear its "calendar[] of cases that have

remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). A plaintiff's failure to comply with a court order

2

may also warrant involuntary dismissal of the action. *Boone v. Comm'r of Soc. Sec.*, 203 F. App'x 514, 514–15 (4th Cir. 2006) (citing Fed. R. Civ. P. 41(b)). Before dismissing Anita's case on either ground, the Court must consider: (1) Anita's degree of personal responsibility for the delay; (2) prejudice to the Commissioner; (3) whether Anita "has a 'drawn out history of deliberately proceeding in a dilatory fashion'; and (4) the existence of less drastic sanctions." *Bailey v. Edwards*, 573 F. App'x 268, 269 (4th Cir. 2014) (quoting *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991)). "Rigid application of these factors is unnecessary" where, as here, the court "provided an 'explicit and clear' warning" to Anita that her failure to comply with its orders by a date certain may result in his case being dismissed. *Id.* (quoting *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471–72 (4th Cir. 1993)).

As a pro se plaintiff, Anita is personally responsible for failing to proceed with her case. *See Mitter v. Soc. Sec. Admin.*, No. 4:13cv21, 2014 WL 2442241, at *2, *5 (W.D. Va. May 30, 2014). Pro se litigants are of course entitled to some leeway in federal court, but Anita's pro se status alone cannot excuse her failure to comply with this Court's orders and procedural rules. *Id.* at *2; *see also Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010). Anita also has a history of proceeding in a dilatory fashion before this Court. Indeed, she has known since at least June 17 that she *must* file a brief explaining why the Court should reverse or remand the Commissioner's final decision denying her disability claim. Briefing Notice 1; *see* W.D. Va. Gen. R. 4(c). Although I have no reason to believe that Anita's "noncompliance represents [a] bad faith and callous disregard" for the Court's rules or authority, *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990), the fact remains that Anita has not responded to orders directing her to file a brief by an extended deadline or explain why her case should not be dismissed for failure to prosecute, *see Robertson v. Soc. Sec. Admin.*, No.

3

4:13cv65, 2014 WL 4567785, at *4 (W.D. Va. Sept. 12, 2014); *Trussell v. Comm'r of Soc. Sec.*,

No. 4:13cv47, 2013 WL 6979745, at *2 (E.D. Va. Dec. 13, 2013), *adopted by* 2014 WL 108787,

at *1 (E.D. Va. Jan. 7, 2014). Considering the early stage of this case, I do not find that the

Commissioner has suffered prejudice from Anita's failure to respond, but that all the other

factors weigh in favor of dismissing the action without prejudice.

### III. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge

**DISMISS** this action **WITHOUT PREJUDICE** because Anita has failed to prosecute her case

in accordance with the Court's orders and procedural rules.

### **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations

within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is

directed to transmit the record in this matter to the presiding District Judge.

The Clerk shall send certified copies of this Report and Recommendation to the pro se

plaintiff and counsel of record.

ENTERED: September 6, 2024

Joel C. Hoppe
United States Magistrate Judge